■ In the Matter of the Claim of CHARLES ZULLO, Respondent, against AMERICAN LOCOMOTIVE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier contending that claimant did not sustain an accident or accidents and that they were not given timely notice. Among the findings of the board was that on September 18, 1952, while engaged in the regular course of his employment and working for his employer, claimant picked up a block of wood, weighing 40 pounds, and felt a sharp pain in his back. There is substantial evidence to sustain such finding. The record discloses, somewhat vaguely, that the claimant had some trouble with his back in 1951, which was diagnosed "sciatica" but that he recovered and continued to work at hard manual labor as a welder and such incidental employment. In April, 1952, he was involved in and received injuries as the result of an automobile accident but testified there was no injury to his back, which was not disputed. Before returning to work for the employer

in May, 1952, he was "re-examined and re-Xrayed." He continued at his arduous work without incident until September 18, 1952, when the happening as set forth in the board's finding occurred. He did not work after September 19 because of the "terrible pain" in his back. The doctor who treated claimant without the benefit of X rays determined he was suffering from sciatica and he was treated for such and therefore did not give notice of the accident until November, 1952, more than 30 days as prescribed by section 18 of the act. After X rays and an examination by a specialist in November, 1952, it was determined that claimant was suffering from a "herniated intervertebral lumbar disc". No proof was offered by the appellants to show that they were in any way prejudiced because of the late filing and their claim that the medical treatment sought and prescribed for the claimant prolonged his disability is without substance. They neither show that the treatment was not proper nor that they [appellants] would have prescribed something of a different type. Under such circumstances and from a review of the record, we are satisfied that the award in favor of the claimant as outlined herein was founded upon substantial evidence. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.